

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**ENTERED**
**05/11/2015**

```
                              )
IN RE                         )
                              )
DIGITAL LEGAL                 )   CASE NO. 15-30944-H3-7
SERVICES - TX, LLC            )
                              )
        Debtor,               )
                              )
```

<u>MEMORANDUM OPINION</u>

The court has considered the "Motion: (i) for Authority to Employ Auctioneer and Conduct Auction; (ii) Surcharge Collateral; (iii) Pay Secured Creditor and (iv) Abandon Property" (Docket No. 15, supplemented at Docket No. 19), and "Trustee's Motion to (i) Compromise with M&T Bank Pursuant to FRBP 9019; (ii) Surcharge Collateral; and (iii) Pay M&T Bank" (Docket No. 16).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered granting the requested relief in part.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Digital Legal Services - TX, LLC ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 18, 2015.  Allison D. Byman ("Trustee") is the Chapter 7 Trustee.

In the instant motion at Docket No. 15, supplemented at Docket No. 19, Trustee seeks in pertinent part to employ an auctioneer, sell Debtor's personal property at auction, and surcharge the security interests of Harris County and M&T Bank to pay the compensation and expenses of the auctioneer, as well as fees to the Trustee and Trustee's counsel.  In the motion, Trustee recites that the compensation to the Trustee is in lieu of statutory fees.  Trustee seeks to pay these fees to Trustee and to Trustee's counsel without further order of this court.

In the motion at Docket No. 16, Trustee seeks in pertinent part to surcharge the collateral of M&T Bank 16 percent, and make periodic distributions to M&T Bank.

Both motions contained the negative notice language required under Bankruptcy Local Rule 9013-1(b).  No party in interest filed a response to either motion.

<u>Conclusions of Law</u>

Any interest in property that the bankruptcy estate acquires after the commencement of the case is property of the bankruptcy estate.  11 U.S.C. § 541(a)(7).  When a trustee recovers property resulting from a surcharge under Section 506(c) of the Bankruptcy Code, that property becomes property of the bankruptcy estate.  See In re JKJ Chevrolet, Inc., 26 F.3d 481 (4th Cir. 1994); Matter of Oakland Care Center, Inc., 142 B.R.

791 (E.D. Mich. 1992).

Section 726 of the Bankruptcy Code governs the distribution of property of the bankruptcy estate in a Chapter 7 case.  Compensation to a trustee and a trustee's counsel are allowed under Section 330(a)(1) of the Bankruptcy Code, and when allowed constitute administrative expenses of the bankruptcy estate under Section 503(b)(2) of the Bankruptcy Code, entitled to second priority in distribution under Section 507(a)(2) of the Bankruptcy Code.  The structure of Section 726 contemplates the distribution pursuant to its system of the entirety of the bankruptcy estate.  It does not contemplate a distribution of property of the estate other than as provided within Section 726.[1]

Section 330(a)(1) of the Bankruptcy Code provides in pertinent part that the court may award to a trustee or a professional person employed under Section 327(a) reasonable compensation.

Bankruptcy Rule 2014 requires an application to employ counsel.  Bankruptcy Rule 2016 requires the filing of a fee application by a trustee and a trustee's counsel.  The court concludes that the instant motions should be granted, except that Trustee should not be permitted to pay herself and her counsel

---

[1]The priority of distribution may be altered pursuant to Section 510 of the Bankruptcy Code, but that issue is not presented in the instant case.

without the appropriate applications.

       Based on the foregoing, a separate Judgment will be entered granting the requested relief in part.

       Signed at Houston, Texas on May 11, 2015.


LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE